IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EVELYN CAROL JACKSON,

      Petitioner,                     No. CIV S-08-1753 WBS EFB P

    vs.

TINA HORNBREAK,[1]

      Respondent.                  FINDINGS AND RECOMMENDATIONS

_____/

    Petitioner is a state prisoner with counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Respondent moves to dismiss this action upon the ground that petitioner failed to exhaust her claims by fairly presenting them first to the California Supreme Court. For the reasons stated, the court finds that respondent's motion should be denied.

    A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan*

---

[1] Kent Eichenberger is substituted as respondent. *See* Rule 2(a), Rules Governing § 2254 Proceedings; Fed. R. Civ. P. 25(d).

1

*v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted).  The question in this case is whether petitioner exhausted her state court remedies by direct appeal, as she never challenged her conviction through state collateral proceedings.  *See* Resp.'s Mot. to Dism. ("Mot.") at 2.

## I.     Procedural History

On March 29, 2005, petitioner was convicted of second degree murder in the Sacramento County Superior Court.  Pet'r's Opp'n to Mot. ("Opp'n") at 2.  On June 29, 2007, her conviction was affirmed by the California Court of Appeal, Third Appellate District.  *Id.*  On August 7, 2007, petitioner timely delivered a petition for review to the California Supreme Court.  Mot., Docs. Lodged in Supp. Thereof ("Lodged Doc.") 3; *see also* Resp.'s Reply to Opp'n ("Reply") at 5.  A few days later, a clerk from the California Supreme Court informed petitioner's counsel that the petition would not be filed because the cover should be white (not red) and that proof of service on the Court of Appeal was required.  Opp'n at 2-3.  The clerk granted petitioner until August 28, 2007 to re-submit the petition.  *Id.* at 3.

On August 26, 2007, petitioner's counsel arranged for Office Max to deliver the corrected petition to DHL delivery service on August 27, 2007, for overnight delivery to the California Supreme Court.  *Id.*  On August 27, 2007, Office Max delivered the corrected petition to DHL for overnight delivery to the California Supreme Court.  *Id.*  However, the petition was not delivered to the California Supreme Court until September 5, 2007, because the transmittal instructions prepared by Office Max, an authorized agent for DHL delivery service, did not list the street address of the California Supreme Court, which required DHL to research the address.  *Id.*; Opp'n, Decl. of B. Morris in Supp. Thereof ("Decl."), Ex. C, ¶¶ 3, 6.

On September 10, 2007, petitioner submitted a "Motion to File Petition for Review, *Nunc Pro Tunc*, as of August 27, 2007" to the California Supreme Court.  Opp'n at 4; Decl., Ex. C.  The California Supreme Court apparently received the motion on September 11, 2007, but the clerk refused to file it, asserting that the California Supreme Court lost jurisdiction of the case as of August 29, 2007.  Opp'n at 4; Decl., Ex. C.

**II.     Discussion**

Respondent moves to dismiss petitioner's habeas action on the ground that petitioner has failed to exhaust her state court remedies as required by 28 U.S.C. § 2254(b) because she never filed a petition with the California Supreme Court.   Petitioner concedes that she never actually filed a petition with the California Supreme Court. Opp'n at 2.  However, she explains that she attempted to file a petition for review and argues that the California Supreme Court clerk erred in refusing to file it as untimely. *Id.* at 4.  Petitioner asserts that exhaustion requires only that state prisoners "give state courts a fair *opportunity to act* on their claims." Opp'n at 6 (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999)).  Petitioner claims that she gave the California Supreme Court the opportunity to consider her petition for review by properly submitting it pursuant to California Rule of Court 8.25(b)(3)(B), and that she cannot be held accountable for the clerk's refusal to follow that Rule. Opp'n at 7.

California Rule of Court 8.25(b)(3)(B) provides, in relevant part: "A . . . petition for review . . . is timely if the time to file it has not expired on the date of its delivery to a common carrier promising overnight delivery as shown on the carrier's receipt."  On September 10, 2007, petitioner's counsel submitted a "Motion to File Petition for Review, *Nunc Pro Tunc*, as of August 27, 2007" to the California Supreme Court. Opp'n at 4; Decl., Ex. C.  In the *nunc pro tunc* motion, petitioner's counsel explained that the corrected petition for review was delivered to DHL for overnight delivery on August 27, 2007.  Lodged Doc. 4.  Petitioner attached to the *nunc pro tunc* motion a copy of the invoice from DHL, as well as a copy of DHL's tracking information regarding the delivery of the petition. *Id.*, Ex. A, B.  The tracking record shows that on August 27, 2007, a shipment was scheduled for "next day" delivery to the California Supreme Court. *Id.*, Ex. B.  Petitioner concludes that since the petition for review was delivered to DHL on August 27, 2007 for overnight delivery, it was timely under Rule 8.25(b)(3)(B). Opp'n at 5-6.

////

1     Respondent cites to cases supporting the proposition that "where a petition raises a claim, but does so in a defective manner, exhaustion is not achieved until the defect is cured in a revised petition brought before the state's highest court." Reply at 3.  Respondent's argument, however, merely assumes that the clerk at the California Supreme Court properly refused to file the petition for review.  For example, respondent cites to what he deems an analogous case, *Allard v. Kernan*, No. C 95-1641 FMS, 1996 WL 190843 (N.D. Cal. Apr. 15, 1996), where the court declined to find that an untimely, unfiled petition for review exhausted federal claims.  *See id.* at 4-5.  In that case, however, there was no question that the petition for review was untimely -- the petitioner admitted the petition was eight months late and blamed the delay on his inexperience in the law.  *Allard*, 1996 WL 190853 at * 1.  Here, petitioner poses the question of whether the clerk of the California Supreme Court erred in refusing to file her petition, and if so, what that means with respect to the issue of exhaustion.

    Respondent briefly addresses this issue in his reply brief, arguing that "due to the various delays and potential lack of substantiating proof of promise of delivery, the rejection of the corrected petition by the California Supreme Court Clerk was appropriate."[2]  Reply at 6.  The court, however, is not persuaded that rejection was appropriate on such grounds.  It may be true that as of September 5, 2007, the date the corrected petition for review arrived at the California Supreme Court, the clerk did not have proof of petitioner's compliance with Rule 8.25(b)(3)(B).  However, respondent does not offer any authority suggesting that proof of compliance with Rule 8.25(b)(3)(B) must be presented at the time a petition for review is tendered to the court.  By September 11, 2007, a mere two weeks after the extended filing deadline, the clerk was presented with proof of petitioner's compliance with Rule 8.25(b)(3)(B) through petitioner's

---

[2] Respondent also suggests that even if the clerk erred in refusing to file the petition for review, "the error was harmless because exhaustion is still available through state habeas corpus review."  Reply at 6.  The court is not aware of any harmless error standard that applies in the context of exhaustion.  The court also disagrees that in the event a court clerk errs in rejecting a petition for filing, a petitioner is thereby obligated to pursue other state remedies, even if available.

4

*nunc pro tunc* motion. Additionally, petitioner's counsel explained in the declaration attached to the *nunc pro tunc* motion that it took him several days to locate the record and invoice of shipment in order to prove petitioner's compliance with Rule 8.25(b)(3)(B).[3] Lodged. Doc. 4, Ex. B, ¶ 6.

At oral argument, respondent's counsel suggested that the clerk properly refused to file the petition for review pursuant to California Rule of Court 8.204(e). Rule 8.204(e) provides that the court clerk may decline to file a brief that does not comply with the various "content and form" requirements listed in the other sections of the same rule. Respondent does not contend that the petition for review failed to comply with any of the requirements listed in Rule 8.204. Therefore, the court cannot agree with respondent that the clerk properly refused to file the petition for review pursuant to Rule 8.204(e).

Petitioner has shown that before the time to file the petition for review had expired, the petition was delivered to a common carrier promising overnight delivery. Based on the record, petitioner did not fail to present to the state supreme court an opportunity to consider his claim. Rather, it appears from the record that the clerk of the California Supreme Court improperly refused to file the petition for review, by failing to recognize that pursuant to Rule 8.25(b)(3)(B), the petition was timely. Petitioner fairly presented his federal claims to the California Supreme Court, notwithstanding the fact that, through the actions of the court clerk, the court did not reach the merits of those claims. *See Miranda v. Carey*, 2007 U.S. Dist. LEXIS 64300 (E.D. Cal. Aug. 30, 2007) (petitioner satisfied exhaustion requirement where his attempt to file in the California Supreme Court was improperly denied by the clerk who failed to give him the benefit of the mailbox rule), *adopted in full by* 2007 U.S. Dist. LEXIS 71503 (E.D. Cal. Sept. 26, 2007). Here, the exhaustion requirement has been satisfied because the highest state court was given the opportunity to act on petitioner's claims. *O'Sullivan*, 526 U.S. at 842 (exhaustion requires that a

---

[3] Petitioner's counsel also noted that he provided Office Max with the address of the California Supreme Court. Lodged. Doc. 4, Ex. B, ¶ 4.

state prisoner give the state courts "an opportunity to act" on his claims before he presents those claims to a federal court in a habeas petition); *see also Duncan*, 513 U.S. at 365.

Accordingly, it is hereby RECOMMENDED that:

1. Respondent's April 24, 2009 motion to dismiss be denied;

2. Respondent be directed to file and serve an answer and not a motion in response to petitioner's application within 60 days, *see* Rule 4, Fed. R. Governing § 2254 Cases, and that the answer be accompanied by any and all transcripts or other documents relevant to the determination of the issues presented in the application. *See* Rules 4, 5, Fed. R. Governing § 2254 Cases; and

3. Petitioner be directed that his reply, if any, be filed and served within 30 days of service of an answer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 20, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE